AYRES, Judge.
The adequacy of an award for the support of three minor children, issue of the marriage of plaintiff and defendant, constitutes the subject matter concerned on this appeal.
On a basis of their voluntary separation and living apart for more than .two years, plaintiff was granted a divorce from the defendant who was awarded the care, control, and custody of their children — two daughters, aged 16 and 15 years, respectively, and a son, 9 years of age. Inasmuch as only two of the children were actually residing with defendant, she was awarded only $150.00 per month for their support. Contending that the award was inadequate, defendant appealed.
Mrs. Earle presently resides with her parents in Mobile, Alabama. The son and one of the daughters live with her. The other daughter is temporarily residing with plaintiff’s parents in Winnfield, Louisiana. That this child was living with its grand *839 parents was made necessary by the lack of sufficient finances of the mother to support all three children.
Defendant’s employment grosses a weekly wage of $65.00. No alimony is sought for herself.
Plaintiff’s earnings as a railroad conductor aggregate $8,000.00-$10,000.00 per year. His employment, however, is not constant inasmuch as he has no regular “run,” but is only subject to “call” for duty when his services are required. This explains the variation in his income. He has no income other than from this employment.
In connection with his employment, plaintiff incurs certain expenses which he must pay from his earnings. For instance, his duties require that he be away from his domicile a considerable part of the time, such as when his “runs” carry him to Alexandria and Baton Rouge. On those occasions, he pays his own expenses for lodging and meals, estimated at $1,500.00 per year. He maintains his own apartment in Shreveport.
The record discloses that the children are in school. Lunches for the two residing with the mother average $14.00 per month and fees for certain commercial subjects, $12.00 per month. These expenses are in addition to the necessary expenditures for food, clothing, and medicines. In connection with the latter item, it may be noted that the son is afflicted with asthma, requiring constant medication and frequent consultation with the family physician.
The record further establishes that, for defendant to get the children together and to maintain them as one family, it would be necessary that she obtain living quarters apart from those of her parents, and that such would entail an expenditure as rent of approximately $80.00 per month. Food and clothing for the children, it must be noted, are not insignificant items.
The award by the trial court of $150.00 per month was determined on a basis of the needs of the two children living with their mother. The mother is entitled to the custody of the other daughter, who was awarded to her and of whom she has been deprived for the want of adequate finances. An award sufficient for her to maintain the children as a family unit would, in our opinion, require an increase in the award at least proportional to that awarded for the support of the two children. That the two children only were considered in making the award is evidenced by the opinion of the trial court, wherein it was stated:
“ * * * that $150.00 would be a reasonable amount at the present time, in view of the fact that this other girl is living with her grandparents and is not an expense to the wife at this time.”
We are convinced that plaintiff is fully able to pay the increased award and, moreover, that the needs of the minors justify it.
For the reasons assigned, the judgment appealed is amended by increasing the award for the care and support of the minors to $225.00 per month, payable at the rate of $112.50 on the 5th and 20th of each month, beginning with the finality of this judgment, and, as amended, it is affirmed at plaintiff-appellee’s cost.
Amended and affirmed.